UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI A. HAZAN,<br><br>   Plaintiff,<br>  vs.<br><br>US DHS - TRANSPORTATION SECURITY ADMINISTRATION<br><br>   Defendant. | CASE NO. 07cv497-L(BLM)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE** |

In this action brought under the Privacy Act of 1974, Defendant filed a motion to dismiss or transfer venue.  5 U.S.C. §552a(g)(5) provides in pertinent part:

> An action to enforce any liability created under this section may be brought in the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia . . ..

It is undisputed that Plaintiff resides in this district and that the agency records are located in the Central District of California.  Accordingly, to the extent Defendant initially contended that venue in this District was improper, the motion is denied.

In the alternative, Defendant requests transfer to the Central District under 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

/ / / / /

- 1 -

07cv1323

1  "[U]nless the balance of factors is strongly in favor of the defendant[], the plaintiff's choice
2  of forum should rarely be disturbed." *Sec. Inv. Protection Corp. v. Vigman*, 764 F.2d 1309,
3  1317 (9th Cir. 1985).

4  Defendant maintains the case should be transferred because the records and
5  witnesses are located in the Central District. (*See* Decl. of Mariano Berreiro.) Defendant
6  refers to three witnesses, all of whom are referenced in the complaint. (*Id.*) On the other
7  hand, Plaintiff, proceeding *pro se*, resides and is employed in this district. It would be a
8  significant burden in time and expenses for her to litigate in the Central District, and it may
9  make it impossible for her to maintain this action there. (Opp'n at 2.) Weighing against
10 transfer is the relative means of the parties.

11 The balance of factors does not strongly favor Defendant, and the transfer would not
12 be in the interests of justice. Accordingly, Defendant's motion is **DENIED**.

13 **IT IS SO ORDERED**.

14 DATED: September 8, 2008

15
16  M. James Lorenz
    United States District Court Judge

17 COPY TO:

18 HON. BARBARA L. MAJOR
   UNITED STATES MAGISTRATE JUDGE
19
   ALL PARTIES/COUNSEL
20